IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED

2015 OCT -9 P 12: 35

| | |
|---|---|
| Marcus Young, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 0:15-91-SB |
| v. ) | |
| ) | |
| Ofc. Allah Brown; South Carolina ) | **ORDER** |
| Dept. of Corr., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Marcus Young's pro se complaint, which was filed pursuant to 42 U.S.C. § 1983. On July 22, 2015, the Defendants filed a motion for summary judgment. In accordance with Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary review. The Magistrate Judge issued an order on July 23, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the summary judgment procedure and instructing him to respond to the Defendants' motion. This order was returned to the Court as undeliverable on August 3, 2015. The envelope listed a forwarding address, so on August 28, 2015, the Magistrate Judge filed a second letter giving the Plaintiff an additional 14 days to file his response to the Defendants' motion and informing the Plaintiff that if he failed to respond, then the action would be recommended for dismissal for failure to prosecute. A copy of the Defendants' response and the Roseboro order also was mailed to the forwarding address provided by the United States Postal Service.

Despite this second warning, the Plaintiff did not respond. Therefore, on September 17, 2015, the Magistrate Judge issued a report and recommendation ("R&R"), recommending that the Court dismiss this matter with prejudice for failure to prosecute.

Attached the R&R was a notice advising the Plaintiff of his right to file written objections to the R&R within 14 days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court **adopts the R&R** (Entry 39) and incorporates it, and it is

**ORDERED** that this action is dismissed with prejudice for failure to prosecute, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

October 9, 2015
Charleston, South Carolina

2